UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NAQUAN MILES,

Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, NYPD POLICE OFFICER ANDREW DAMICO #18915, NYPD SUPERVISING OFFICER BERGEN and NYPD POLICE OFFICERS "John Does 1-11,"

Defendants.
------------------------------------------------------------X

INDEX#:
ECF CASE

JURY TRIAL DEMANDED

COMPLAINT

Plaintiff NAQUAN MILES, by his attorney, Wylie M. Stecklow, of Stecklow & Thompson, complaining of the defendants, respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff NAQUAN MILES brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, for violations of his civil rights, as said rights are secured by federal statutes and the Constitution of the United States.

2. On July 11, 2015, at approximately 4:00 p.m., Naquan was unlawfully detained, handcuffed, and arrested without cause. Naquan was held in public for identification by persons who were alleged victims of a crime. These people, after observing Naquan, told police that Naquan was not one of the people who allegedly victimized them. Nonetheless, Naquan and these other individuals were arrested without cause, and held for more than twenty-four hours. Naquan was charged with felonies. All charges were dismissed.

## II. JURISDICTION & VENUE

3. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4) and the aforementioned statutory and constitutional provisions.

5. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(b) because the claims arose in this district.

## III. JURY DEMAND

6. The Plaintiff respectfully demands a trial by jury of all issues in this matter.

## IV. THE PARTIES

7. NAQUAN MILES is an African American male who lives in Bronx County, New York.

8. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, Defendant NYPD POLICE OFFICER ANDREW DAMICO, NYPD SUPERVISING OFFICER BERGEN and the Defendant POLICE OFFICERS "John Does 1-11" (collectively, "The Defendant POLICE OFFICERS") were duly sworn police officers of the NYPD and were acting under the supervision of said department and

according to their official duties. Plaintiff NAQUAN MILES sues the Defendant POLICE OFFICERS in both their official and individual capacities.

11. Plaintiff NAQUAN MILES will amend this complaint to name the Defendant POLICE OFFICERS "John Does 1-11" as their identities can be established to a reasonable certainty.

12. At all times relevant to this action, the Defendant POLICE OFFICERS either personally or through their employees, were acting under color of state law.

13. Each and all of the acts of the Defendant POLICE OFFICERS alleged herein were done by said defendants while acting within the scope and in furtherance of their employment by Defendant THE CITY OF NEW YORK.

## V. FACTS COMMON TO ALL CLAIMS

14. On July 11, 2015, at approximately 4:00 p.m., Naquan was in front of 1535 Broadway, near Times Square in the heart of New York City, when he was approached by two NYPD Officers, Defendant NYPD Police Officer ANDREW DAMICO ("Defendant DAMICO") and Defendant NYPD Police Officer John Doe #1 ("Defendant Doe 1").

15. These officers approached Plaintiff and seized him without justification by ordering him to remain where he was.

16. The officers told Plaintiff that their supervising officer was on the way.

17. Plaintiff was detained in this location between a half an hour and one hour.

18. Two other people were stopped and detained by the police at the same time and place.

19. The officers told Plaintiff and the two others that they were being detained so that the alleged victims of a crime could come to the location and identify whether the Plaintiff, and

two other individuals being detained, were the individuals that perpetrated the crime against these people.

20. Naquan had not committed a crime against anyone.

21. Naquan did not consent to be detained or remain.

22. Defendant NYPD Police Supervisor Bergen ("Defendant BERGEN") arrived on the scene in a NYPD car along with Defendant NYPD OFFICERS "John Does 1-11," and two civilians.

23. Upon information and belief, these individuals were alleged to be victims of a crime in or near Central Park.

24. Upon information and belief, after viewing the plaintiff and the other two individuals being detained, the civilians said that the Plaintiff and the other two detained individuals were not the perpetrators of the alleged crime.

25. Defendant NYPD OFFICERS "John Does 1-11" were present and saw and heard this interaction.

26. Nonetheless, Plaintiff heard Defendant BERGEN state to Defendants DAMICO and DOE 1, in sum and substance, "take them in anyway."

27. Defendant NYPD OFFICERS "John Does 1-11" were present and saw and heard this interaction.

28. Plaintiff was then handcuffed by Defendant DAMICO.

29. Defendant NYPD OFFICERS "John Does 1-11" were present and saw and heard this interaction.

30. An NYPD van arrived on the scene and Plaintiff was placed in the van and taken from this location to Midtown South Precinct.

31. Plaintiff taken from Midtown South Precinct to Central Booking, and eventually arraigned and released on his own recognizance.

32. Naquan spent more than twenty-four hours in custody.

33. Naquan was charged with Robbery in the Second Degree (C felony), Grand Larceny in the Fourth Degree (E felony) and Petit Larceny (A misdemeanor).

34. At the time of his detention and arrest, the NYPD had no probable cause to stop, detain, or arrest Naquan.

35. Naquan did not have any outstanding warrant.

36. Naquan les was forced to return to court a number of times before the case was dismissed on October 21, 2015.

## FIRST CAUSE OF ACTION

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

37. The Plaintiff restates all allegations of this Complaint herein.

38. Defendant THE CITY OF NEW YORK and its agents, servants and employees, including but not limited to, the Defendant Police Officers, deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

39. All of the aforementioned acts of the Defendant Police Officers were carried out under the color of state law.

40. All of the foregoing acts by Defendants deprived Plaintiff of federal- protected rights, including, but not limited to, the right:

a. To freedom from being stopped without reasonable suspicion;

b. To freedom from seizure and arrest not based upon probable cause; and

c. To freedom from being subjected to false criminal charges by the police.

41. The Defendant Police Officers, collectively and individually, while acting under color of state law, engaged in constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. As a result of the above constitutionally-impermissible conduct, the Plaintiff was caused to suffer harm.

43. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

SECOND CAUSE OF ACTION

VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS
UNDER 42 U.S.C. §1983
ARISING FROM WARRANTLESS AND FALSE ARREST AND IMPRISONMENT
WITHOUT PROBABLE CAUSE

44. The Plaintiff restates all allegations of this Complaint herein.

45. The Defendant Police Officers arrested Plaintiff without a warrant.

46. The Defendant Police Officers stopped Plaintiff without having reasonable suspicion to do so.

47. The Defendant Police Officers arrested Plaintiff without having probable cause to do so.

48. As a result of the above constitutionally impermissible conduct, the Plaintiff was caused to suffer harm.

49. The Plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial, together with attorneys' fees and costs.

THIRD CAUSE OF ACTION

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS
UNDER 42 U.S.C. §1983
ARISING FROM DEFENDANTS' FAILURE TO INTERVENE

50. The Plaintiff restates all allegations of this Complaint herein.

51. Each of the Defendant Police Officers had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of Plaintiff's constitutional rights.

52. The Defendant Police Officers failed to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

53. The Defendant Police Officers failed to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights despite having substantially contributed to the circumstances within which the Plaintiff's rights were violated by their affirmative conduct.

54. As a result of the aforementioned conduct of the individual defendant, Plaintiff's constitutional rights were violated.

55. As a result, Plaintiff was harmed.

56. Plaintiff demands compensatory and punitive damages in a sum of money to be determined at trial, together with attorneys' fees and costs.

FOURTH CAUSE OF ACTION

MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

57. Plaintiff restates all allegations of this Complaint herein.

58. Defendant DAMICO swore to a false criminal complaint against Plaintiff.

59. Defendant DAMICO misrepresented and falsified evidence before the New York County District Attorney.

60. Defendant DAMICO did not make a complete and full statement of facts to the New York County District Attorney.

61. Defendant DAMICO was directly and actively involved in the initiation and continuation of criminal proceedings against Plaintiff.

62. Defendants lacked probable cause to initiate and continue criminal proceedings against Plaintiff.

63. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

64. Plaintiff demands judgment against Defendants in a sum of money to be determined at trial, together with attorney's fees and costs.

FIFTH CAUSE OF ACTION

DENIAL OF PLAINTIFF'S FAIR TRIAL RIGHTS

65. The Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

66. DEFENDANT DAMICO created false evidence against Plaintiff MILES, creating or providing false evidence to prosecutors in the District Attorney's office.

67. DEFENDANT DAMICO knew this information would be relied upon by the prosecutor in bringing felony charges and a felony prosecution against the Plaintiff.

68. By presenting this false evidence to the prosecutor, DEFENDANT DAMICO and the other DEFENDANTS deprived Plaintiff of liberty rights including false imprisonment and requiring him to return to court on a number of occasions.

69. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, DEFENDANT DAMICO violated Plaintiffs' rights to fair trials under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

70. As a consequence thereof, Plaintiff has suffered harms compensable by damages, including deprivation of liberty.

WHEREFORE it is respectfully requested that the Court:

[a] Award appropriate compensatory and punitive damages.

[b] Empanel a jury.

[c] Award attorney's fees and costs.

[d] Award such other and further relief as the Court deems to be proper and in the interests of justice.

DATED: New York, New York
December 22, 2016

Respectfully submitted,

__________//s//____________________

DAVID A. THOMPSON, ESQ. [DT3991]
*For*
WYLIE M. STECKLOW, ESQ.
Stecklow & Thompson
ATTORNEYS FOR PLAINTIFF
217 Centre Street – Floor 6
New York, New York 10013
[212] 566-8000
[212] 202-4952/FAX